Prentiss v. Moore.

MARY E. PRENTISS

v.

THOMAS MOORE.

REPLEVIN—RETURN OF PROPERTY.—It is error to award a return of the property replevied, on dismissal of the replevin suit, where it appears the plaintiff never obtained possession of the property under the writ. So, where defendant was in the act of removing a house and barn when they were seized in replevin, moved back into the same field from which they had been

taken, and left in possession of the defendant, the object of the replevin writ has never been executed, there is nothing to return, and a writ of *retorno habendo* should not have been issued.

APPEAL from the City Court of Aurora; the Hon. FRANK M. ANNIS, Judge, presiding.    Opinion filed May 2, 1879.

Mr. A. J. HOPKINS and Mr. A. G. McDOLE, for appellant; contending that there was no legal execution of the writ of replevin, cited Rev. Stat. Chap. 119, §7.

Mr. B. F. PARKS, for appellee.

PILLSBURY, P. J.    An action of replevin was commenced in the court below by appellant to recover from the defendant a frame dwelling house and one barn, alleged to be personal property in the affidavit.

The return of the officer who served the writ is as follows:

JULY 9th, 1877.

" Served this writ by reading the same to Thomas Moore, and by taking the within described property and removing the same to the premises in said city of Aurora, from which he had taken them, and left them in the possession and under the control of said Moore.

" CHAS. S. MIXER, Sheriff,
" R. B. GATES, Deputy."

Appellant having failed to file his declaration ten days before the second term, the court dismissed the suit, and upon motion of the defendant ordered that a writ *de retorno habendo* should issue for a return of the property.

From this order the plaintiff appeals to this court.

Evidence was introduced upon the hearing of the motion in the court below which is preserved by a bill of exceptions.

Gates, the deputy sheriff who served the writ, testified as follows:

" I was deputy sheriff July 9th, 1877, and for some time previous and since then.    I served the writ of replevin in this case.    On the day I served the writ I found the house and

Prentiss v. Moore.

barn mentioned in the writ on a lot adjacent to the one on which they had been erected. The defendant was in the act of moving the house, and was then in possession of the house; he and his family were living in it. The house had been moved from a stone foundation. I took the house by virtue of the writ, and under the direction of defendant moved it back into the field from which the defendant had taken it, in a different place, but near where it originally stood. I placed the house where the defendant directed me to place it, and left it in the possession of the defendant. He and his family were then residing in the house. The return I made on the writ is exactly and literally true."

It is apparent that the plaintiff never obtained the possession of the property by virtue of the writ of replevin, but that the same was placed by the officer where he was directed by the defendant, and the defendant left in sole charge and possession of it.

Under such circumstances we fail to see how a return of the property to the defendant can be awarded. There is nothing to return; the writ has never been executed, and the object of the suit, which is to obtain possession of the property, has never been accomplished.

In such case we are of the opinion that upon a dismissal or a voluntary discontinuance of the suit in replevin these facts can be shown, and thus prevent the order for a return of the property. Buckmaster v. Beames, 4 Gilm. 443. It cannot be otherwise than improper to award a return of the property where it has never been delivered to the plaintiff upon the writ.

For this reason alone we think the court below should have overruled the motion of defendant for an order for the return of the property.

We have, however, looked into all the evidence in the case, and if we were to consider it as determining the rights of the parties to the property, we should have no hesitation in holding that the writ, under all the circumstances in proof, was properly issued. It is not necessary, however, to determine this question.

542        APPELLATE COURTS OF ILLINOIS.

The order awarding the writ *de retorno habendo* must be reversed.

Order reversed.